**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

**FILED**

MAY 2 6 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

DISH NETWORK L.L.C.
and NAGRASTAR LLC,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant/Garnishee.

Case No.

**SA20CA0639 DAE**

## PLAINTIFF'S APPLICATION FOR WRIT OF GARNISHMENT

Plaintiffs DISH Network L.L.C. and NagraStar LLC (collectively, "Plaintiffs") file this Application for Writ of Garnishment pursuant to Fed. R. Civ. P. 64 and 69, Tex. R. of Civ. P. 658, and Tex. Civ. Pract. and Rem. Code Chapter 63, and respectfully states as follows:

### I.     PARTIES

1.     Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, authorized to transact business in the State of Texas, with its principal place of business in Englewood, Colorado.  DISH Network L.L.C. is a judgment-creditor of Defendant Arnoldo Del Carmen ("Defendant").

2.     Plaintiff NagraStar LLC is a limited liability company organized under the laws of the State of Colorado, authorized to transact business in the State of Texas, with its principal place of business in Englewood, Colorado.  NagraStar LLC is also a judgment-creditor of Defendant.

3.     Wells Fargo Bank, N.A. ("Garnishee") is a financial institution with its principal place of business in San Francisco, California.   Garnishee may be served by delivering a writ of garnishment to its registered agent Corporation Service Company d/b/a CSC – Lawyers

Incorporating Service Company, at the registered address 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.     JURISDICATION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and Federal Rule of Civil Procedure 69(a).

5.      Garnishee conducts business in the State of Texas, and therefore is subject to this Court's personal jurisdiction.

6.      Venue is proper in this Court in that this is an ancillary proceeding to the original proceeding styled *DISH Network L.L.C. et al. v. Arnoldo Del Carmen*, Case No. 5:19-cv-01171-DAE in this Court (the "Underlying Action").  Venue is also proper under 28 U.S.C. § 1391.

## III.     GROUNDS FOR ISSUANCE OF WRIT OF GARNISHMENT

6.      In the Underlying Action Plaintiffs obtained a judgment against Defendant on April 1, 2020, in the amount of $115,000.00 (the "Judgment").  (*See* Dkt 16; *see also* Affidavit of Christopher P. Craven ["Craven Aff'd."] ¶ 3, Ex. 1.)

7.      The Judgment is valid, subsisting, and remains unsatisfied.  (Craven Affid. ¶ 4.)

8.      Defendant does not possess property in Texas subject to execution sufficient to satisfy the Judgment. (Craven Aff'd. ¶ 5.)

9.      This garnishment is not sought to injure or harass either Defendant or Garnishee, but so that Plaintiffs may enforce the Judgment entered against Defendant in the Underlying Action. (Craven Aff'd. ¶ 6.)

10.      Pursuant to Fed. R. Civ. P. 64, the remedies of the State of Texas are available for seizure of property for the purpose of satisfaction of the Judgment.  The applicable statutes and

rules for issuance of a writ of garnishment under Texas law are set forth in Tex. Civ. Pract. & Rem. Code §§ 63.001, *et seq.*

11.     Plaintiffs are entitled to the issuance of a Writ of Garnishment on the grounds stated above, and in the attached Affidavit of Christopher P. Craven.

WHEREFORE, Plaintiffs respectfully request that a Writ of Garnishment issue and be served upon Garnishee, and that Plaintiffs have judgment against Garnishee to satisfy the Judgment against Defendant, as provided by law, together with all costs of Court incurred in this proceeding, and for such other and further relief as to which Plaintiffs may be justly entitled.

Dated: May 22, 2020                          Respectfully submitted,

                                             By: s/ Christopher P. Craven
                                             Christopher P. Craven (attorney in charge)
                                             **HAGAN NOLL & BOYLE LLC**
                                             Texas Bar #24009246
                                             christopher.craven@hnbllc.com
                                             Two Memorial City Plaza
                                             820 Gessner, Suite 940
                                             Houston, Texas 77024
                                             Telephone: (713) 343-0478
                                             Facsimile:  (713) 758-0146

                                             Attorneys for Plaintiffs DISH Network L.L.C. and
                                             NagraStar LLC

3

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **DISH NETWORK L.L.C.**<br>and **NAGRASTAR LLC**, | |
| Plaintiffs, | Case No. |
| v. | **SA20CA0639 DAE** |
| **WELLS FARGO BANK, N.A.,** | |
| Defendant/Garnishee. | |

---

### AFFIDAVIT OF CHRISTOPHER P. CRAVEN IN SUPPORT OF
### APPLICATION FOR WRIT OF GARNISHMENT

STATE OF TEXAS              §
                           §
COUNTY OF HARRIS           §

BEFORE ME, the undersigned notary, on this day personally appeared Christopher P. Craven, the affiant, a person whose identity is known to me. After I administered the oath to affiant, affiant testified:

1.      I am Christopher P. Craven, counsel for Plaintiffs DISH Network L.L.C. and NagraStar LLC (collectively, "Plaintiffs"). I am admitted to practice in Texas, and an attorney with the firm of Hagan Noll & Boyle LLC. I am over 18 years of age, of sound mind, and capable of making this affidavit. I make this affidavit based on my personal knowledge and, if called on to testify, would testify competently as stated herein. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      I am authorized by Plaintiffs to make this affidavit, and the Application for Writ of Garnishment.

3.      In *DISH Network L.L.C. et al. v. Arnoldo Del Carmen*, Case No. 5:19-cv-01171-DAE in this Court (the "Underlying Action"), Plaintiffs obtained a judgment against Defendant Arnoldo Del Carmen ("Defendant") on April 1, 2020, for the sum of $115,000.00 (the "Judgment"). Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the judgment. I am counsel for Plaintiffs in the Underlying Action.

4.      The Judgment is valid, subsisting, and remains unsatisfied.

5.      Defendant does not possess, within Plaintiffs' knowledge, property in Texas subject to execution sufficient to satisfy the Judgment. This is based both upon my online research regarding Defendant's property, and asset and property reports prepared by Judgment Collection Specialists, Inc. for Plaintiffs on or about March 31, 2020, regarding Defendant's assets and property in Texas.

6.      This garnishment is not sought to injure or harass either Defendant or Garnishee, but so that Plaintiffs may enforce the judgment entered against Defendant in the Underlying Action.

Dated: May 22, 2020

_____
Christopher P. Craven

Sworn to and subscribed before me by Christopher P. Craven on May 22, 2020.



Aleksandra Ames
My Commission Expires
11/23/2023
ID No. 130448602

_____
Notary Public in and for the State of Texas
My commission expires: 11/23/2023

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **DISH NETWORK L.L.C.** and **NAGRASTAR LLC**, <br><br> Plaintiffs, <br><br> v. <br><br> **ARNOLDO DEL CARMEN**, <br><br> Defendant. | Case No. 5:19-cv-01171-DAE |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

**I.    NATURE OF THE CASE**

1.    Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar," collectively, "Plaintiffs") filed this action against Defendant Arnoldo Del Carmen ("Defendant") for trafficking in technology designed to circumvent Plaintiffs' security system and facilitate the unauthorized interception of copyrighted satellite television programming broadcast by DISH without paying the required subscription fee.  Defendant accomplished this in part by purchasing and distributing subscriptions to a pirate television service called IKSRocket.  This service provided Defendant and his customers with the control words or "keys" that are needed to decrypt Plaintiffs' satellite signal and view DISH programming without having authorization from and without making payment to DISH.

2.    Defendant was properly served with a summons and Plaintiffs' complaint, but failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed.  DISH Network submitted evidence that Defendant is not an infant, is not incompetent,

1

and is not on active duty with the military or otherwise exempted under the Servicemembers' Civil Relief Act.

      3.      As a result of Defendant's failure to answer, or otherwise appear in this action, the Court accepts as true the following well-pleaded allegations in Plaintiffs' complaint:

      (a)      DISH uses high-powered satellites to broadcast television programming to millions of subscribers in the United States that pay DISH a subscription fee to receive such programming, or in the case of a pay-per-view program, the purchase price. (Dkt. 1, ¶ 8.)

      (b)      DISH contracts for and purchases the right to broadcast the television programming shown on its platform from networks, motion picture distributors, pay and specialty broadcasters, sports leagues, and other rights holders. The works broadcast by DISH are copyrighted. DISH and NagraStar have the authority of the copyright holders to protect the works from unauthorized reception and viewing. (Dkt. 1, ¶¶ 9-10.)

      (c)      DISH programming is digitized, compressed, and scrambled prior to being transmitted to multiple satellites that are located in geo-synchronous orbit above Earth. The satellites, which have relatively fixed footprints covering the United States and parts of Canada, Mexico, and the Caribbean, relay the encrypted signal back down to Earth where it can be received by DISH subscribers that have the necessary equipment. (Dkt. 1, ¶ 11.)

      (d)      The DISH receiver processes an incoming DISH satellite signal by locating an encrypted part of the transmission known as the NagraStar entitlement control message and forwards that message to the smart card. Provided the subscriber is tuned to a channel that he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a NagraStar control word. The control word is transmitted back to the receiver to decrypt the DISH satellite signal. (Dkt. 1, ¶¶ 15.)

(e)      IKSRocket is a subscription based IKS service, whereby members purchase a subscription to the IKS service to obtain the control words that are used to circumvent the DISH and NagraStar security system and receive DISH's satellite broadcasts of television programming without authorization.  (Dkt. 1, ¶ 20.)

(f)      Defendant violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2), and the Federal Communications Act, 47 U.S.C. § 605(e)(4), as alleged in Counts I and II, by trafficking subscriptions to IKSRocket, enabling customers to access the IKSRocket service and view DISH programming without purchasing a legitimate subscription from DISH. (Dkt. 1, ¶¶ 25-30, 31-35.)

4.      In accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II), Plaintiffs requested statutory damages of $10,000 per violation, a sum certain, for Defendant's trafficking and distribution of IKSRocket passcodes.

## II.      FINAL JUDGMENT & PERMANENT INJUNCTION

Upon default of Defendant, the Court, having reviewed the applicable law, evidence, and record in this matter, hereby **ORDERS** as follows:

1.      Defendant, and anyone acting in active concert or participation with Defendant, is hereby permanently enjoined from:

(a)      manufacturing, importing, offering to the public, providing, or otherwise trafficking in IKS server passcodes or any code, password, or serial number used in accessing an IKS server;

(b)      circumventing or assisting others to circumvent Plaintiffs' security system, or otherwise intercepting or assisting others to intercept DISH's satellite signal; and

(c)     testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from Plaintiffs' satellite receivers, smart cards, satellite stream, or any other part or component of the Plaintiffs' security system.

2.     This permanent injunction takes effect immediately.

3.     Judgment is entered in favor of Plaintiffs on Count I of the complaint alleging violations of 17 U.S.C. § 1201(a)(2).

4.     Judgment is entered in favor of Plaintiffs on Count II of the complaint alleging violations of 47 U.S.C. § 605(e)(4).

5.     Statutory damages in the amount of $115,000 are awarded to Plaintiffs in accordance with  17 U.S.C. § 1203(c)(3)(A).

6.     All other claims of Plaintiffs are dismissed.

7.     The Court retains jurisdiction over this action for two years for the purpose of enforcing this final judgment and permanent injunction.

**IT IS SO ORDERED**.

Dated:  April 1, 2020

David Alan Ezra
Senior United States District Judge

4